Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

Tampa Division

|  |  |
|---|---|
| KEVIN J BOEVE <br> *Plaintiff(s)* <br> (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) <br> -v- <br><br> SOUTHSTATE BANK N.A.; <br> AKA SOUTH STATE BANK N.A.. <br> *Defendant(s)* <br> (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Case No. 8:24-CV-647-TPB-AAS <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)* ☒ Yes ☐ No |

## COMPLAINT FOR A CIVIL CASE

I.  **The Parties to This Complaint**

   A.  **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | KEVIN J BOEVE |
   | Street Address | 120 Rose Street |
   | City and County | Venice Sarasota County |
   | State and Zip Code | FL 34293 |
   | Telephone Number | (616) 566-7002 |
   | E-mail Address | kevinboeve@proton.me |

TPA 7051

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**B.  The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1
    Name     _____
    Job or Title *(if known)*     _____
    Street Address     _____
    City and County     _____
    State and Zip Code     _____
    Telephone Number     _____
    E-mail Address *(if known)*     _____

Defendant No. 2
    Name     _____
    Job or Title *(if known)*     _____
    Street Address     _____
    City and County     _____
    State and Zip Code     _____
    Telephone Number     _____
    E-mail Address *(if known)*     _____

Defendant No. 3
    Name     _____
    Job or Title *(if known)*     _____
    Street Address     _____
    City and County     _____
    State and Zip Code     _____
    Telephone Number     _____
    E-mail Address *(if known)*     _____

Defendant No. 4
    Name     _____
    Job or Title *(if known)*     _____
    Street Address     _____
    City and County     _____
    State and Zip Code     _____
    Telephone Number     _____

E-mail Address *(if known)* _____

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question        ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

8 U.S.C. § 1101(a)(23)
12 U.S.C. § 412
12 U.S.C. § 504
18 U.S.C. § 8
18 U.S.C. § 1348
18 U.S.C. § 1581
18 U.S.C. § 1583
18 U.S.C. § 1584
18 U.S.C. § 1589
18 U.S.C. § 1593A
UCC 3-104
UCC 3-307
UCC 3-311
UCC 3-603(b)

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

   The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation

   The plaintiff, *(name)* KEVIN J BOEVE, is incorporated under the laws of the State of *(name)* Florida,

   and has its principal place of business in the State of *(name)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

        Florida    .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. **The Defendant(s)**

   a. If the defendant is an individual

   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

   b. If the defendant is a corporation

   The defendant, *(name)* SOUTHSTATE BANK N.A., is incorporated under the laws of the State of *(name)* Florida, and has its principal place of business in the State of *(name)* Florida.

   Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. **The Amount in Controversy**

   The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

    Florida    .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. **The Defendant(s)**

   a. If the defendant is an individual

   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

   b. If the defendant is a corporation

   The defendant, *(name)* SOUTHSTATE BANK N.A., is incorporated under the laws of the State of *(name)* Florida, and has its principal place of business in the State of *(name)* Florida.

   Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. **The Amount in Controversy**

   The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

> Refund extraneous payments made on account 1486505264, estimated to be $70,200.59, based of mortgage statements created by defendant.
>
> Refund/return coupon payment made by plaintiff on February 5th 2024 of $340,206.57
>
> $1,000,000.00 for fraud per plaintiff's Transgression Fee schedule item (r.).
>
> $100,000.00 for failure to provide full contract signed by all parties per plaintiff's Transgression Fee schedule item (o.).
>
> $700,000.00, for 7 occurances(from October 25, 2023 to date) of non response and/or incomplete response per plaintiff's Transgression Fee schedule item (q.).
>
> $1,000,000.00 for dishonor in commerce per plaintiff's Transgression Fee schedule item (u.).
>
> $100,000.00 for rejecting/ignoring plaintiff's coupon/payment per plaintiff's Transgression Fee schedule item (hh.).
>
> $440,206.57 for refusing to discharge debt per plaintiff's Transgression Fee schedule item (ii.).
>
> In summary the above amounts total $3,750,613.73 (three-million seven-hundred-fifty thousand six-hundred thirteen dollars (USD) & 73/100). Please note this does not include the amount in damages included in paragraph 132 in the relief section(IV.).

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

## PLANTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND

COMES NOW, person KEVIN J BOEVE, presented by man Kevin J Boeve, allege and state as follows: (Please note that the spelling of each name is important and will always be as above throughout this complaint for clarity in the court.)

### INTRODUCTION

1. The plaintiff's cause of action is brought before this Honorable Court for actual, statutory, and punitive damages, against Defendant SOUTHSTATE BANK N.A. AKA SOUTH STATE BANK N.A. (hereafter, collectively "SOUTHSTATE BANK"), for peonage by subjecting plaintiff to being held in debt servitude due to fraud, pursuant to 18 U.S.C. § 1581, et al., under threat of foreclosure.

### JURISDICTION AND VENUE

2. Through the power of naturalization, found in 8 U.S.C. § 1101(a)(23), Kevin J Boeve confers the nationality of the State called "STATE OF FLORIDA" on KEVIN J BOEVE, after birth, by any means whatsoever. This satisfies the jurisdictional requirements of the court.

3. Kevin J Boeve confers that KEVIN J BOEVE will be on a general appearance. Kevin J Boeve will be speaking on behalf of KEVIN J BOEVE because KEVIN J BOEVE is incapable of speaking or writing.

4. SOUTHSTATE BANK is a person doing business in "STATE OF FLORIDA," through the power of naturalization, and is within the jurisdiction of this court.

### PARTIES

5. Plaintiff is a person residing in Sarasota County, Florida.

6. Plaintiff resided in Sarasota County, Florida, at all times relevant and related to Plaintiff's stated herein took place in and around Polk County, Florida.

7. Defendant SOUTHSTATE BANK is listed by the Florida Secretary of State under the "Entity Name(s)". SOUTHSTATE BANK N.A. & SOUTH STATE BANK N.A.. Defendant's Principal Place of Business Address is 1101 1st Street South Suite 202, Winter Haven, Florida 33881.

8. Defendant conducts business in the State of Florida. SOUTHSTATE BANK has filing dates listed as 6/22/2020 and 2/3/2022.

9. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

10. Defendant's agents, employees, officers, members, directors, and representatives were working within the course and scope of their employment when taking the actions stated herein.

### GENERAL FACTUAL ALLEGATIONS

11. KEVIN J BOEVE has a account/loan #1486505264 with SOUTHSTATE BANK.

12. Kevin J Boeve gave permission to SOUTHSTATE BANK to access and use the credit of KEVIN J BOEVE.

13. From the year 2022, this account was improperly performed on by Kevin J Boeve on behalf of KEVIN J

BOEVE.

14. Improper performance was by submitting extraneous negotiable instruments called Federal Reserve Notes.

15. Proper performance would have been to indorse the original collateral security under special negotiation, prior to it being exchanged for Federal Reserve Notes.

16. Kevin J Boeve failed to do a special indorsement on the original collateral security.

17. Had Kevin J Boeve known, Kevin J Boeve would have done a special indorsement on the collateral security all the way from the beginning.

18. Kevin J Boeve never intended to do ANY blank indorsements on behalf of KEVIN J BOEVE.

19. Proper performance is done primarily through clear orders and special indorsements.

20. Improper performance is done with blank indorsements and lack of orders.

21. Proper performance balances the accounting.

22. Improper performance unbalances the accounting.

23. There was a promissory note made on this loan.

24. A promissory note is a unconditional promise to pay.

25. A promissory note is a negotiable instrument.

26. "Promissory note" and "note" mean the same thing.

27. Federal Reserve Notes are promissory notes.

28. Federal Reserve Notes are negotiable instruments.

29. All promissory notes are collateral securities in accordance with 12 U.S.C. § 412.

30. Each month there was a billing statement generated on the above account.

31. A "billing statement" is an unconditional order to pay.

32. A "billing statement" or "bill" or any similar language, is another term to describe a "bill of exchange".

33. An unconditional order to pay is a bill of exchange.

34. A bill of exchange is a negotiable instrument.

35. Bills of exchange are collateral securities in accordance with 12 U.S.C. § 412.

36. All promissory notes produced by KEVIN J BOEVE are under the purview of 18 U.S.C. § 8.

37. All bills of exchange sent to KEVIN J BOEVE are under the purview of 18 U.S.C. § 8.

38. The Federal Reserve Bank is the custodian to pay on behalf of obligations or other securities of the United States (18 U.S.C. § 8).

39. October 25, 2023, notice of insurance coverage change and request to adjust monthly payment to reflect changes sent to SOUTHSTATE BANK via USPS certified mail # 7022 2410 0002 1363 4847.

40. USPS Return Reciept card indicated documents in paragraph 39 were received by SOUTHSTATE BANK agent Melissa Myers on November 2, 2023.

41. December 8, 2023, 2nd request to adjust monthly payment to reflect insurance coverage changes sent to SOUTHSTATE BANK via USPS certified mail # 7022 2410 0002 1363 4762.

42. USPS Return Reciept card indicated documents in paragraph 41 were received by SOUTHSTATE BANK agent Melissa Myers on December 18, 2023.

43. January 8, 2024, 3rd request to adjust monthly payment to reflect insurance coverage changes sent to SOUTHSTATE BANK via USPS certified mail # 7022 2410 0002 1363 4779.

44. USPS Return Reciept card indicated document in paragraph 43 were received by SOUTHSTATE BANK agent Kai Erazo on January 10, 2024.

45. February 5, 2024, non-negotiable notice and request for full disclosure on loan # 1486505264 was sent to SOUTHSTATE BANK via USPS certified mail # 9589 0710 5270 1227 1465 66.

46. February 5, 2024, payoff for loan # 1486505264 was requested and delivered by email to kevinboeve@protonmail.com.

47. Payoff statement indicated an amount of $340,206.57 to pay the loan(#1486505264) in full.

48. February 5, 2024, payment coupon with payment of $340,206.57 in accordance with UCC 3-311 and UCC 3-603 was sent to SOUTHSTATE BANK via USPS certified mail # 9589 0710 5270 1277 1464 81.

49. USPS Return Reciept card indicated documents in paragraph 45 were received by SOUTHSTATE BANK agent Melissa Myers on February 7, 2024.

50. USPS Return Receipt card indicated payment in paragraph 48 was received by SOUTHSTATE BANK agent J Simon on February 8, 2024.

51. March 6, 2024, 2nd non-negotiable notice and request for full disclosure on loan # 1486505264 with fee schedule for Kevin J Boeve was sent to SOUTHSTATE BANK via USPS certified mail # 9589 0710 5270 1277 1466 27.

52. USPS Return Receipt card indicated documents in paragraph 51 were received by SOUTHSTATE BANK agent Kai on March 9, 2024.

53. Any previous arbitration clauses or agreements are hereby void to the extreme alleged felonies and fraud associated with this case. Also, any real property involved in this case are no longer collateral on any loans due to the original collateral security (note) being the only collateral needed to secure this loan.

## COUNT ONE - BREACH OF CONTRACT

54. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations in paragraphs 1-53.

55. Kevin J Boeve was attempting to perform on the account.

56. The definition of "payment" is: "The fulfillment of a promise, or the performance of an Agreement.".

57. One definition for "tender" is: "The offer of performance, not performance itself, and, when unjustifiably refused, places the other party in default and permits party making tender to exercise remedies for breach of contract.".

58. The above definition is in accord with UCC 3-603(b).

59. Kevin J Boeve previously submitted another entire promissory note in order to perform on the mortgage.

60. The tender of payment made by Kevin J Boeve in paragraph 48 was ignored.

61. This promissory note was retained by SOUTHSTATE BANK.

62. Had someone communicated to Kevin J Boeve about his options, he would have done the necessary indorsement on any instruments to properly perform.

63. Kevin J Boeve desperately wanted to perform as shown by his attempts to perform.

64. This situataion being ignored is evidence of dishonor.

65. This dishonor caused anxiety and depression due to Kevin J Boeve not getting the information needed to properly move forward and clarify or complete attempts to perform.

## COUNT TWO - BREACH OF FIDUCIARY DUTIES

66. Plaintiff alleges and restates the foregoing jurisdictional allegations and general factual allegations in paragraphs 1-65.

67. KEVIN J BOEVE is the beneficiary of SOUTHSTATE BANK.

68. SOUTHSTATE BANK has a fudiciary duty to the financial success of KEVIN J BOEVE.

69. SOUTHSTATE BANK is paid to ensure the law is correctly applied in respect to beneficiary KEVIN J BOEVE.

70. SOUTHSTATE BANK has an obiligation and desire to ensure that UCC Article 3 is properly followed.

71. SOUTHSTATE BANK has an obiligation and desire to ensure that the Emergency Banking Act of 1933 is followed.

72. Once presented with orders or conditional acceptances above, SOUTHSTATE BANK never attempted to clarify or perform for Kevin J Boeve or KEVIN J BOEVE.

73. SOUTHSTATE BANK follows 12 U.S.C. § 412.

74. SOUTHSTATE BANK has had access to the Federal Reserve Window services since 8/4/2009, according to the Federal Reserve Master Account and Services Database.

75. SOUTHSTATE BANK acknowledges that it would be in the best interest of their beneficiaries to do special indorsements on negotiable instruments.

76. SOUTHSTATE BANK acknowledges that, if clients knew how to do a special indorsement, a vast majority would do it.

77. SOUTHSTATE BANK never mentioned to either Kevin J Boeve or KEVIN J BOEVE about the benefits of special indorsements.

78. This harmed KEVIN J BOEVE by now having an imbalanced account and having to work to acquire extraneous and entirely irrelevant Federal Reserve Notes, then send them in to SOUTHSTATE BANK to "pay" the account.

79. This breach of fiduciary duty has caused years of anxiety over the extraneous paying of bills with Federal Reserve Notes that is entirely unnecessary.

### COUNT THREE - 12 U.S.C. § 504 (CIVIL MONEY PENALTY - FEDERAL RESERVE ACT)

80. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations in paragraphs 1-79.

81. This statute is involved because SOUTHSTATE BANK never attempted to work with Kevin J Boeve's performance.

82. This Civil Money Penalty is collected and deposited in the Treasury, so plaintiff intends to send a copy of this complaint to the SEC, Federal Reserve, Office of the Comptroller as well as the Treasury for inspection and collection. PLAINTIFF IS WILLING TO FOREGO THIS STEP IF DEFENDANT IS WILLING TO QUICKLY AND RAPIDLY COMPLETE ALL PRIOR ORDERS OUTLINED IN DOCUMENTS RECEIVED/MENTIONED IN PARAGRAGHS 45 & 51 AND SETTLE ALL FEES IN RELATION TO VIOLATIONS THAT OCCURRED OUTLINED IN PARAGRAPHS 121-131 (DEFENDANTS CAN SIMPLY PLACE "N/A" ANSWER ON THIS PARAGRAPH).

### COUNT FOUR - 18 U.S.C. § 1348 (SECURITIES AND COMMODITIES FRUAD)

83. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations in paragraphs 1-82.

84. Plaintiff was never informed as to the instrument being negotiable.

85. Plaintiff was never informed of various optional indorsements in accordance with UCC Article 3.

86. Plaintiff has a responsibility to avail himself of his optional indorsements, but SOUTHSTATE BANK could have spent a very short period of time to educate plaintiff about indorsements as part of their fiduciary duties.

87. Fruad is due to complete failure to disclose the terms and options of signing/indorsing above collateral security.

88. This damaged plaintiff materially due to valuable instrument(s) being purloined and not available for plaintiff.

89. Due to Kevin J Boeve's signature being the birth of value for this negotiable instrument, Kevin J Boeve and KEVIN J BOEVE are the secured parties for all transactions in the contract.

90. Each individual credit transaction on this account(#1486505264) would be a separate charge of this felony.

## COUNT FIVE - 18 U.S.C. § 1581 (PEONAGE)

91. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations in paragraphs 1-90.

92. Plaintiff was forced to work and perform under this contract as "debt," when the debt was only existing due to a failure to use a special indorsement on the original note.

93. Plaintiff had to work or find entirely irrelevant negotiable instruments in order to falsely satisfy "performance" on this account.

94. SOUTHSTATE BANK made it appear that the plaintiff was in debt by failing to help the plaintiff do a special indorsement.

95. SOUTHSTATE BANK has threatened the plaintiff with foreclosure if plaintiff failed to "perform" within the flase contract of needing to tender extraneous Federal Reserve Notes.

## COUNT SIX - 18 U.S.C. § 1583 (ENTICEMENT INTO SLAVERY)

96. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations in paragraphs 1-95.

97. Due to a failure to do a special indorsement (which could easily have been done), plaintiff was enticed into having to pay each month using irrelevant and extraneous negotiable instruments called Federal Reserve Notes.

98. Plaintiff was intimidated with fear of losing his home to perform in an absolutely unnecessary way (slavery).

99. Plaintiff got absolutely no equal consideration in the exchange for his collateral security and negotiable instrument beyond the facilitation of security swaps and transfers.

100. SOUTHSTATE BANK could have informed plaintiff of a special versus blank indorsement, it is assumed that the intent was to intice the plaintiff into slavery.

## COUNT SEVEN - 18 U.S.C. § 1584 (SALE INTO INVOLUNTARY SERVITUDE)

101. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations in paragraphs 1-100.

102. Due to the financial gain of having the plaintiff do a blank indorsement rather than a special indorsement on the original collateral security, SOUTHSTATE BANK had financial motive to ensure plaintiff indorsed with a blank indorsement.

103. Intent to have plaintiff sign with a blank indorsement was pre-conceived by SOUTHSTATE BANK.

104. Intent to have plaintiff do a blank indorsement allowed SOUTHSTATE BANK to take possession of the collateral security without legally being considered theft.

105. While not legally theft, that transaction was not equal consideration.

106. Due to terms being so vague (uncommonicated), this can be constructed as coercion and fraud.

107. Plaintiff was left in a situation where he felt compelled to provide entirely irrelavent Federal Reserve Notes in order to prevent foreclosure on his property.

## COUNT EIGHT - 18 U.S.C. § 1589 (FORCED LABOR)

108. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations in paragraphs 1-107.

109. 18 U.S.C. § 1589 includes forced services.

110. Plaintiff was forced to provide entirely irrelevant Federal Reserve Notes after his collateral security was purloined via a blank indorsement.

111. SOUTHSTATE BANK should have been providing a service of swapping the collateral security under special negotiation.

112. Kevin J Boeve would have been more satisfied to pay a small swap fee for the service of exchanging the collateral security at the Federal Reserve Window.

113. Instead, the plaintiff was forced to perform each month unnecessarily under the threat of punishment (foreclosure).

## COUNT NINE - 18 U.S.C. § 1593A (BENEFITING FINANCIALLY FROM PEONAGE, SLAVERY, AND TRAFFICKING IN PERSONS)

114. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations in paragraphs 1-113.

115. SOUTHSTATE BANK benefits from a blank indorsement by being able to keep all the Federal Reserve Notes after the application from the notes is complete (12 U.S.C. § 412).

116. SOUTHSTATE BANK benefits from a blank indorsement by being able to take back the property through foreclosure if the plaintiff was unable to supply irrelevant and extraneous Federal Reeserve Notes each month.

117. SOUTHSTATE BANK pretends it is the "lender" by claiming the collateral security, after it is released with a blank indorsement.

118. Under special negotiation, KEVIN J BOEVE is actually the lender and Kevin J Boeve is the burrower. SOUTHSTATE BANK is just a currency exchange at this point and facilitates Federal Reserve services.

119. SOUTHSTATE BANK collects substantially more Federal Reserve Notes by carefully failing to inform their beneficiaries of their indorsement options.

120. Due to lack of terms and communications, it is assumed that SOUTHSTATE BANK intends to intice its beneficiaries into slavery for financial gain.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

121. Full discharge of above loan in it's current state.

122. Removal of any and all negative/derogatory credit reporting at all credit bureaus.

123. Full release of all interest and any liens on the property.

124. Full refund of each individual extraneous payments made on the account, including all the amounts currently held in escrow, using Federal Reserve Notes.

125. Return original payment coupon (paragraph 48) or equivalent value in Federal Reserve Notes.

126. Fraud per Transgression Fee (r.) $1,000,000.00 (one-million). Payable in Federal Reserve Notes

127. Failure to provide contract signed by all parties assessed per Transgression Fee violation (o.) $100,000.00 (one-hundred thousand). Payable in Federal Reserve Notes.

128. Default by non response or incomplete response assessed per Transgression Fee violation (q.) $700,000.00 (one-hundred thousand). Payable in Federal Reserve Notes.

129. Dishonor in commerce assessed per Transgression Fee violation (u.) $1,000,000.00 (one-million). Payable in Federal Reserve Notes.

130. Rejecting coupon/payment assessed per Transgression Fee violation (hh.) $100,000.00 (one-hundred thousand). Payable in Federal Reserve Notes.

131. Refusal to discharge debt assessed per Transgression Fee violation (ii.) $100,000.00 (one-hundred thousand) plus current debt amount. Payable in Federal Reserve Notes.

132. $45,000,000.00 (fortyfive-million) in damages. Payable in Federal Reserve Notes.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 3/18/2024

Signature of Plaintiff: *All rights reserved, without prejudice, without recourse* by: Kevin-J: Boeve ©

Printed Name of Plaintiff: for: KEVIN J BOEVE

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Street Address _____
State and Zip Code _____
Telephone Number _____
E-mail Address _____

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: **3/18/2024**

Signature of Plaintiff: by: Kevin-J:Boeve: Ⓒ
All rights reserved, without prejudice, without recourse

Printed Name of Plaintiff: for: KEVIN J BOEVE

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Street Address: _____
State and Zip Code: _____
Telephone Number: _____
E-mail Address: _____