UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN J. BOEVE,

    Plaintiff,

v.                                                 Case No.: 8:24-cv-647-TPB-AAS

SOUTHSTATE BANK N.A.,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S "MOTION TO DISMISS"**
**AND DISMISSING CASE WITHOUT LEAVE TO AMEND**

This matter is before the Court on Defendant Southstate Bank N.A.'s "Motion to Dismiss and Memorandum of Law," filed on April 22, 2024. (Doc. 5). On May 10, 2024, the Court denied Plaintiff Kevin J. Boeve's motion to strike the motion to dismiss and reminded Plaintiff of the deadline to respond. (Doc. 14). Plaintiff did not file a response in opposition. After reviewing the motion, court file, and the record, the Court finds as follows:

**Background**[1]

Although Plaintiff's complaint is difficult to parse, Plaintiff appears to have a mortgage secured by a note. Defendant appears to be the mortgage servicer.

---

[1] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Plaintiff alleges that he had been making payments to Defendant. Then, he started sending requests to change his monthly payment, which were ignored. Plaintiff alleges that he subsequently tried to pay the loan with something other than money. Plaintiff alleges that Defendant's failure to accept this payment has caused him "anxiety and depression."

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic*

*Fertilizer, LLC*, No. 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to serve as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

### *Subject Matter Jurisdiction*

"Federal courts are courts of limited subject-matter jurisdiction." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (citing *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016)). A district court's subject-matter jurisdiction is limited to: "(1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *PTA-FLA*, 844 F.3d at 1305 (quoting *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997)).

In the complaint, Plaintiff predicates jurisdiction on the Court's federal question jurisdiction. However, Plaintiff's complaint presents no viable federal questions. Although he cites to some federal statutes and UCC provisions, they are inapplicable to his claims, as discussed in more depth below.

The Court notes Plaintiff also does not sufficiently allege a basis for diversity jurisdiction. Citizenship must be distinctly and affirmatively alleged in a complaint

to establish diversity jurisdiction. Plaintiff fails to sufficiently identify his own citizenship or the citizenship of Defendant (that is, Defendant's place of incorporation and principal place of business).

Plaintiff therefore fails to sufficiently allege subject matter jurisdiction. Although the Court may normally grant leave to amend to set forth a jurisdictional basis for the lawsuit, because Plaintiff has not and cannot state any viable claims, it will not permit amendment here.

### *Shotgun Pleading*

In the motion to dismiss, Defendant first argues that the complaint constitutes a shotgun pleading. A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. Of Trs. of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings, including:

(1) complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

(2) complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

(3) complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and

> (4) complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

See *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). A district court must generally permit a plaintiff at least one opportunity to amend a shotgun complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018).

Plaintiff's complaint contains counts that reallege all prior claims before it, committing the "mortal sin" described in prong one of *Weiland*. *See* 792 F.3d at 1322-23. More specifically, Counts Two through Nine incorporate all preceding paragraphs, thereby incorporating all prior claims. This constitutes a shotgun pleading. This defect alone would result in the Court's dismissal of the complaint.

Plaintiff's complaint also commits the "sin" of "being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." At best, it appears that Plaintiff is saying that he attempted to pay his mortgage with something other than money, but the rambling and incoherent nature of the complaint makes it difficult to follow his factual allegations and legal theories. The confusing mix of loosely-related allegations makes it impossible for Defendant to respond to the complaint or for the Court to adjudicate this matter.

### *Failure to State a Claim*

Defendant also argues that Plaintiff has failed to state a single cognizable claim for relief. The Court agrees.

"Where a more carefully drafted complaint might state a claim, a [*pro se*] plaintiff mut be given at lest one chance to amend the complaint before the district court dismisses the action with prejudice. *Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (quotation omitted). However, a district court may deny leave to amend if amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curium). As the Court will explain, the defects in Plaintiff's complaint are substantive – he presents legal theories that have been routinely rejected by the courts. As such, the Court concludes that for each of these claims, amendment would be futile.

<u>Count One - Breach of Contract</u>

In Count One, Plaintiff sues for breach of contract, alleging that he was "attempting to perform on the account" by tendering "another entire promissory note in order to perform on the mortgage," but Defendant did not accept the tender. The elements of a breach of contract claim are (1) identification of a valid contract, (2) a material breach of the contract, and (3) damages. *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999).

The crux of Plaintiff's breach of contract claim appears to be premised on his attempt to tender payment on his mortgage by providing Defendant with a "promissory note" rather than cash. The claim appears to be based on the "vapor money" theory, which has been consistently dismissed by courts as having no basis in law.[2] *See Price v. Lakeview Loan Servicing*, No. 2:19-cv-655-FtM-29MRM, 2021

---

[2] "The essence of the 'vapor money' theory is that the promissory notes (and similar instruments) are the equivalent of 'money' that citizens literally 'create' with their

WL 1610097, at *7 (M.D. Fla. Apr. 26, 2021) (collecting cases).  Because Count One fails to state a claim for breach of contract and is based on the patently frivolous vapor money theory, this claim is dismissed without leave to amend.

<u>Count Two - Breach of Fiduciary Duties</u>

In Count Two, Plaintiff asserts a claim for breach of fiduciary duties. Plaintiff claims that as a "beneficiary" to Defendant, Defendant "has a fiduciary duty" to ensure his financial success and to follow the law, including various statutes and provisions of the Uniform Commercial Code.  Plaintiff appears to assert that Defendant breached its fiduciary duties by not mentioning the "benefits of special indorsements" to him, resulting in Plaintiff "having to work to acquire extraneous and entirely irrelevant Federal Reserve Notes" to pay Defendant.  These allegations are woefully insufficient.

"The complaint is devoid of facts plausibly suggesting the existence of a fiduciary relationship between [Defendant] and [Plaintiff] or that [Defendant] breached any fiduciary duty to [Plaintiff], either by refusing to comply with [Plaintiff's] nonsensical instructions 'to transfer the principal's balance to the principal's account#... for set off' or otherwise."  *See Thomas v. BMO Harris Bank*, No. 23-00224-TFM-B, 2024 WL 477542, at *8 (S.D. Ala. Jan. 19, 2024) (bank's failure to comply with sovereign citizen's "nonsensical instructions" to "set off the principal's balance" on his mortgage supported neither the existence of a fiduciary

---

signatures." *Price v. Lakeview Loan Servicing, LLC*, No. 2:19-cv-655-FtM-29MRM, 2021 WL 1610097, at *4 (M.D. Fla. Apr. 26, 2021) (quoting *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 212 (D. Conn. 2010)).

relationship between the parties nor the breach of it). Because Count II fails to state a claim for breach of fiduciary duty and is based on "redemptionist legal theories that have been uniformly rejected as a frivolous waste of court resources," this claim is dismissed without leave to amend. *See id.*

Count Three – 12 U.S.C. § 504 (Civil Money Penalty- Federal Reserve Act)

In Count Three, Plaintiff asserts a claim under 12 U.S.C. § 504 because Defendant "never attempted to work with [Plaintiff's] performance." 12 U.S.C. § 504 subjects covered banks to civil penalties for violations of the Federal Reserve Act. This statute does not give individuals such as Plaintiff the standing to sue banks for alleged violations and collect penalties. *See* 12 U.S.C. § 504(1), (2); 12 U.S.C. 1818(i)(2)(E)(i). "Courts have therefore rejected attempts by private individuals to bring claims under that statute." *Thomas v. Capital One*, No. 23-00216-TFM-B, 2024 WL 477027, at *7 (S.D. Ala. Jan. 10, 2024) (collecting cases). This claim is dismissed, without leave to amend.

Count Four – 18 U.S.C. § 1348 (Securities and Commodities Fraud)

In Count Four, Plaintiff asserts a claim under 18 U.S.C. § 1348, which prohibits securities and commodities fraud. This statute is a criminal statute that does not provide a private right of action. *Stokes v. M &T Bank*, No 2:18cv49-MHT-WC, 2019 WL 5070198, at *4 (M.D. Ala. June 18, 2019). Therefore, this claim is dismissed, without leave to amend.

Count Five – 18 U.S.C. § 1581 (Peonage)

In Count Five, Plaintiff asserts a claim under 18 U.S.C. § 1581, which criminalizes human trafficking and slavery. As a criminal statute, 18 U.S.C. § 1581 does not provide a private right of action. *Cruz v. Toliver*, No. 5:04 CV-231-R, 2005 WL 8176244, at *2 (W.D. Ky. Mar. 2, 2005). Moreover, Plaintiff's factual allegations do not implicate human trafficking or slavery whatsoever. Therefore, this claim is dismissed, without leave to amend.

Count Six – 18 U.S.C. § 1583 (Enticement into Slavery)

In Count Six, Plaintiff asserts a claim under 18 U.S.C. § 1583, claiming that "[d]ue to a failure to do a special indorsement […], [P]laintiff was enticed into having to pay [his mortgage] each month using irrelevant and extraneous negotiable instruments called Federal Reserve Notes," and that he was "intimidated with fear of losing his home to perform in an absolute unnecessary way." Again, 18 U.S.C. § 1583 is a criminal statute with no private right of action. *Barber v. Internal Revenue Service*, No. CV-17-BE-284-S, 2017 WL 1838577, at *2 (N.D. Ala. May 5, 2017). Moreover, requiring Plaintiff to pay his mortgage using legal tender does not implicate slavery at all. Therefore, this claim is dismissed, without leave to amend.

Count Seven – 18 U.S.C. § 1584 (Sale into Involuntary Servitude)

In Count Seven, Plaintiff asserts a claim under 18 U.S.C. § 1584, claiming that Defendant fraudulently forced him to "do a blank indorsement rather than a special indorsement" so they could "take possession of the collateral security" for his

mortgage loan.  18 U.S.C. § 1584 is a criminal statute with no private right of action.  *Anand v. Indep. Blue Cross*, No. 20-6246, 2021 WL 3128690, at *13 (E.D. Pa. July 23, 2021), *vacated in part on other grounds*, No. 21-2679, 2022 WL 2339476 (3d Cir. June 29, 2022).  And again, these facts do not implicate slavery or involuntary servitude.  This claim is dismissed, without leave to amend.

Count Eight – 18 U.S.C. § 1589 (Forced Labor)

In Count Eight, Plaintiff asserts a claim under 18 U.S.C. § 1589, claiming that Defendant "forced" him "to provide entirely irrelevant Federal Reserve Notes after his collateral security was purloined via a blank indorsement" and "perform each month unnecessarily under the threat of punishment (foreclosure)."  Plaintiff does not and cannot make any factual allegations that would make this statute even remotely applicable to his case.  He only claims that Defendant refused to accept his attempts to pay his mortgage with something other than money. Therefore, this claim is dismissed, without leave to amend.

Count Nine - 18 U.S.C. § 1593A (Benefiting Financially from Peonage, Slavery, and Trafficking in Persons)

In Count Nine, Plaintiff asserts a claim under 18 U.S.C. § 1593A.  Under this statute, it is illegal to knowingly benefit from participation in a venture that has engaged in trafficking, peonage, slavery, involuntary servitude, or forced labor.  18 U.S.C. § 1593A.  In his complaint, Plaintiff claims that Defendant has benefitted from peonage, slavery, or human trafficking by purposefully failing to "inform their beneficiaries of their indorsement options," which "intice[s] its beneficiaries into slavery for financial gain."  Plaintiff does not and cannot plausibly allege any

violation of the TVPA based on these facts. Therefore, this claim is dismissed, without leave to amend.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant's "Motion to Dismiss and Memorandum of Law" (Doc. 5) is hereby **GRANTED**.

(2) Each of Plaintiff's claims in the complaint are **DISMISSED**, without leave to amend.

(3) The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 20th day of June, 2024.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE